SILAS SHIRLEY, Plaintiff in Error, *v.* JOHN WELTY, Defendant in Error.

ERROR TO WINNEBAGO COUNTY COURT.

Where money is due and payable, if the creditor agrees to forbear for one year, and in consideration thereof the debtor agrees to pay twenty per cent., it is a usurious agreement—and that, whether the debtor had or not previously agreed to pay the creditor whatever interest the creditor might have to pay for other money in consideration of his forbearance to the debtor.

To give a greater rate of interest than that allowed by statute on a pre-existing debt, for an extension of time for its payment, is within the statute and usurious.

THE facts of this case are set out in the opinion of the court.

JASON MARSH and O. MILLER, Jr., for Plaintiff in Error.

J. M. WIGHT, for Defendant in Error.

WALKER, J.  This case was originally brought before a justice of the peace of Winnebago county, by Shirley against Welty, on the trial of which the plaintiff recovered a judgment for $21.17½, from which defendant appealed to the Winnebago County Court,

where the case was tried by the court and a jury, at the September term, 1855. Plaintiff, on the trial, introduced in evidence a note of the defendant for $120, dated September 30th, 1851, due the 10th day of May, 1852. And to prove an account for interest, introduced evidence from which it appears that Shirley was indebted to Fuller & Anyon in a large sum; that plaintiff, after the note was due, called on defendant for payment; that defendant was unable to meet the note, when it was agreed that defendant would pay, on the $120 which he owed plaintiff, the same interest which plaintiff might have to pay for money to pay Fuller & Anyon, and the time was by mutual agreement extended to defendant to pay his note for one year. That plaintiff borrowed of one Dean $700, at twenty per cent per annum, to pay Fuller & Anyon, which he repaid to Dean. That defendant, after plaintiff had paid Dean, was informed of the rate of interest which plaintiff had paid Dean, and agreed to pay to plaintiff the same rate of interest, and at the time an estimate was made that the interest on defendant's note, at the same rate, would amount to $18, which defendant agreed to pay. The defendant introduced in evidence a receipt on the note, dated May 30th, 1853, for $100, and also a receipt for $30, paid on the 12th of June, 1854, and plaintiff admitted an account for $5.86. The jury found a verdict for defendant for $2.63. Plaintiff entered a motion for a new trial, which was overruled, and the court rendered judgment on the verdict, from which the plaintiff prosecutes this writ of error. The plaintiff, on the trial, asked the court to instruct the jury that, "if there was an agreement that the plaintiff should hire money and let the defendant keep the $120 and the note for one year, and at the same time pay for the use of said money, such agreement is binding, and they will find for the plaintiff such amount at twenty per cent. as plaintiff paid to Dean;" which the court refused to do. This instruction was properly refused, because it in effect told the jury that they should find for plaintiff such amount at twenty per cent. as he had paid Dean. The evidence showed that he had borrowed of and paid to Dean $700, at twenty per cent. And if the court had given, and the jury had followed, the instruction, they would have been compelled to give a verdict for that amount less the payments proven. But we are disposed to consider the instruction, as it was doubtless intended, to instruct the jury to find the balance of the $120 due on the note, with twenty per cent. This, then, raises the question of whether the contract was obnoxious to our usury laws. Our statute provides that the rate of interest for the loan or forbearance of any money, goods, or things in action, shall be six dollars on the one hundred dollars for one year, and after that rate for a greater

or less sum or for a longer or shorter time; and that no person or corporation shall, directly or indirectly, accept or receive, in money, goods, discounts or things in action, or in any other way, any greater value or sum for the loan, forbearance or discount of any money, goods or things in action. By subsequent enactment, parties are allowed to contract for any rate of interest not exceeding ten per cent. per annum—but in the absence of such contract, the rate is six per cent. This note was a thing in action; the money was due and payable, and suit could then have been brought to enforce payment. But the parties agreed that the plaintiff should forbear for one year, and in consideration of such forbearance, the defendant agreed to pay twenty per cent. interest per annum instead of six, the rate fixed by the statute. This is what the agreement amounts to, and nothing more. It has been held that an agreement to give a greater rate of interest than that allowed by statute on a pre-existing debt, for an extension of time for its payment, is within the statute against usury, and is not distinguishable from a contract to pay usurious interest at the creation of the debt. *Crane* v. *Hubble*, 7 Paige R. 413; *Vilas* v. *Jones*, 1 Comstock R. 274.

It is a well settled principle, that any shift or trick, which may be resorted to for the purpose of evading the statute, is as much within the statute as if its provisions had been directly violated. And this, at most, would only be getting twenty per cent. for delay in payment of a debt, where the statute had only allowed six. It was urged that this case fell within the principle of *Shirley* v. *Spencer*, 4 Gil. R. 583. In that case, Spencer authorized Shirley to borrow money for him on the best terms he could, and enter for him eighty acres of land. Shirley obtained the money at thirty-three per cent., and entered the land in the name of the lender. Afterwards Shirley paid him the principal and interest, and took a conveyance to himself. Spencer filed a bill for specific performance against Shirley, and insisted he was only bound to pay the original entrance money with legal interest. The court there very properly held that Shirley had acted as Spencer's agent in borrowing the money, entering the land, and paying the money with the interest; and to entitle himself to the land he must refund the money paid out by his agent. This case, to be in point with that, would have required Shirley to have borrowed the money as agent for Welty, and paid Welty's debt himself, and then to have repaid the original loan and interest. Had that been the state of facts, then the case of *Shirley* v. *Spencer* would have been in point. But here the plaintiff borrows money to pay his own debt, and defendant agrees to give twenty per cent. for an extension of time. To allow the plaintiff to recover on this state of facts,

would be to say that a merchant, or money lender, or other person in trade, may borrow a sum of money at any rate of usurious interest, and then agree with all of his debtors for a like rate of interest. He would perhaps pay a high rate on one hundred dollars, and receive of his debtors the same rate of usury on one hundred thousand dollars. This would be clearly a trick to evade the statute, which a court could not tolerate. We think the court did right in refusing the instruction. And no error is perceived in the record, and the judgment of the court below should be affirmed.

*Judgment affirmed.*